June 13th, 1906.

---

## No. 3979.

### (Court of Appeal, Parish of Orleans.)

## WASH DAVIE vs. MARTIN DAVIE & CO., LIMITED.

1. Unless otherwise stipulated all debts bear interest at the rate of five per centum per annum from the time they become due.
2. Money deposited becomes due when a demand is made for it and, consequently, legal interest is due thereon from that time.

Appeal from Civil District Court, Divisions "E & B."

W. S. Benedict, for Plaintiff and Appellant.

Dart & Kernan, for Defendant and Appellee.

MOORE, J. This was a suit to recover of the defendant company the sum of fourteen hundred and ten 17-100 dollars together with six per cent per annum interest thereon from the 23rd day of September, 1902, the allegations of the petition being that the said sum represented a "personal loan" made by the plaintiff to the defendant on said date and on which the latter agreed to pay interest from said date and at said rate.

The answer admits the receipt of said sum on said date, but avers that it was simply as a "deposit" against which the plaintiff "was entitled at any time to draw the whole sum without

468

notice to respondent;" that there was no agreement to pay interest; that plaintiff at various times and in different amounts drafted said deposit, reducing the original amount to the sum of $1,268.45, whch is still due; that this balance was tendered to plaintiff "conditioned only that he should execute a full receipt thereof," and was refused by him; and that this sum is again tendered in open Court, and is, by order of Court, deposited with the Court's Registry.

There was judgment in favor of the plaintiff for the balance of the sum so deposited, ($1268.45) but without any interest, and the plaintiff was likewise condemned to pay the costs.

From this judgment plaintiff appeals.

The evidence shows that the relation of depositor and depositary existed between the plaintiff and defendant as the result of a contract of irregular deposit concerning this fund; that it was held subject to plaintiff's order to be drawn against at will; that it was so drawn against and that the balance now due is $1268.45, and that there was no stipulation or agreement as to interest.

It follows from this that unless interest may be exacted as the result of law, none may be allowed and that the judgment appealed from would, therefore, be correct.

Art. 1935, C. C., however, provides that damages due for delay in the performance of an obligation to pay money are called interest; and Art. 1938, C. C., is to the effect that, unless otherwise stipulated, all debts shall bear interest at the rate of five per centum from the day they become due; and it may not be doubted that money deposited without a time stipulation as to when it may be withdrawn, becomes due when a demand is made for it and the demand is not honored, and that from that time the amount demanded bears interest at the legal rate.

In the instant cause no time was fixed within which the deposit was not to be withdrawn. On the contrary, as averred in the answer, the plaintiff "was entitled at any time to draw the whole sum without notice to respondent," and as testified to by the President of the defendant company, the plaintiff "could draw as he pleased" on this fund; "he could have come in and de-

manded it at any time and taken it out;" "there was no check on it;" "he could draw at will and whenever he wanted," and he did draw, as stated, on· this fund at various times and amounts until it was reduced to the sum stated.

It appears, however, that on the 8th day of October, 1903, the plaintiff drew his sight draft on defendant in favor of the Peoples Bank for the sum of $1200.00. This draft the defenfendant company refused to honor. Returning the draft to the bank the defendant company wrote the bank: "We herewith return you draft. Mr. Wash Davie has no authority to draw draft against this house and we decline to honor it for that reason. If he wishes to settle his account with us we are prepared to meet him at once." At the time this draft was drawn it is shown by defendant's own statement annexed to the answer, that the balance to plaintiff's credit on defendant's books was $1326.12. The account was thereafter increased by a credit item of $7.28 and decreased by a debit item of $64.95; with the net result of a credit balance in plaintiff's favor, on the 17th Oct., 1903, of $1268.45.

The matter was then placed in the hands of an attorney who made demand on defendant for a settlement of the account, whereupon a tender of $1268.45 was made conditioned upon a full release and acquisition being given, which tender was refused and suit followed; the petition being filed on the 10th Nov., 1903, the answer, with the fund tendered and which was placed in the Registry of the Court, was filed on the 16th Nov., 1903. This deposit was withdrawn by the plaintiff under special reservation of all his rights herein.

It is manifest, in view of the fact that the plaintiff had to his credit on the day the draft was drawn a sum in excess of the amount of the draft, and that he had the right to draw out his money at "his will," that the said sum of $1200.00 became due on the 8th day of October, 1903, and that day the defendant company was liable for interest thereon at the rate of five percentum until paid.

So also do the defendants owe like interest on the balance of $68.45 from the day the demand was made by plaintiff's attorney; but as that time is not definitely fixed interest thereon is

at least due from judicial demand which followed the demand made by the attorney.

The judgment must therefore be amended by allowing the plaintiff, in addition to the principle sum of $1268.45, interest at the rate of five per cent per annum on $1200.00 from the 8th day of October, 1903, until paid and on $68.45 from the 10th Nov. 1903, until paid, subject to a credit $1268.45 amount deposited as of date Nov. 16th, 1903, and by condemning the defendant to pay costs.

It is therefore ordered, adjudged and decreed that the judgment appealed be and the same is hereby amended by increasing the amount awarded plaintiff to the extent of interest at the rate of five per centum per annum on the sum of twelve hundred dollars from the 8th day of October, 1903, until paid, and like interest on the sum of sixty eight 45-100 dollars from judicial demand (10 Nov. 1903) until paid, less a credit of twelve hundred and sixty eight 45-100 dollars as of date November 16th, 1903. The defendant company to pay the costs of both Courts; and as thus amended the judgment is affirmed.

June 13th, 1906.

Rehearing refused June 29, 1906.

Writ refused by Supreme Court, Aug. 17, 1906.